## Commonwealth *v.* Biagiarelli, Appellant.

Submitted September 24, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John H. Corbett, Jr.* and *John J. Dean,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt* and *Louis R. Paulick,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 26, 1973:

Appellant, Peter J. Biagiarelli, was tried by a jury and convicted of murder in the first degree. Post-trial motions were filed, but appellant's counsel failed to appear at the argument of the post-trial motions and they were dismissed. No appeal was filed from the judgment of sentence. Appellant then filed a Post Conviction Hearing Act petition, alleging that he was not informed that his counsel failed to appear at the proper time for argument of his post-trial motions and that he was deprived of his right to file an appeal from the judgment of sentence. A hearing was held on the allegations in appellant's Post Conviction Hearing Act petition and an order was entered directing appellant's post-trial motions be reinstated. The post-trial motions were then argued and denied and appellant was sentenced to a term of life imprisonment in a state correctional institution. This appeal followed.

On April 8, 1970, the body of a young Negro male, Alvin Harris, was discovered by Officer William Long, on Nine Mile Point Road in Allegheny County. The body was taken to a morgue, where an autopsy indicated that death was caused by two bullet wounds of the head. In connection with the investigation of the crime, the police arrested appellant on April 10, 1970,[1] and

---

[1] Appellant does not question the probable cause for his arrest, so we need not concern ourselves with the circumstances surrounding his arrest.

transported him to the Public Safety Building in Pittsburgh, where some hours after his initial arrest appellant gave a confession that he had participated in the murder.

Appellant first alleges that the court below erred in refusing to suppress his confession at a suppression hearing. Appellant argues that his confession was involuntary due to the fact that he was a drug addict and was suffering withdrawal symptoms at the time he gave his confession.

The testimony given by the police officers at the suppression hearing indicates that appellant was in good physical condition at the time he gave his confession and that he appeared to be lucid and normal in every respect. The officers further testified that appellant fully understood the *Miranda* warnings that were given to him and that he voluntarily waived those rights. Appellant, at his suppression hearing, presented testimony through himself, his mother and his wife that he was in fact addicted to narcotic drugs. However, neither appellant's mother nor his wife saw him on the day of his arrest or any time immediately preceding his arrest, so that they could not testify as to his condition on the day he was arrested. Appellant, himself, testified that he was addicted to drugs and that the only reason he signed the confession was because of the severe pain he was in due to his narcotics withdrawal symptoms. However, on cross-examination at his suppression hearing, appellant, when asked if he told the officials at the Allegheny County Jail of his pain, admitted that he did not, claiming that he feared mistreatment by the jail personal if they knew that he was a drug addict. It is by this evidence that appellant seeks to prove his confession was involuntary.

In *Commonwealth v. Smith,* 447 Pa. 457, 461, 291 A. 2d 103, 104 (1972), when discussing voluntariness of confessions, we stated: "The Commonwealth was re-

quired to show voluntariness only by a preponderance of the credible evidence." See also *Com. ex rel. Butler v. Rundle*, 429 Pa. 141, 239 A. 2d 426 (1968).

The trial judge was confronted with conflicting evidence and chose to credit the testimony of the police officers. The court's finding of voluntariness of appellant's confession was amply supported by the record and well within its discretion.

Appellant next alleges that the trial court erred in not suppressing his confession at his trial on the basis of evidence that he presented at his trial which was not available at the suppression hearing.[2] See *Commonwealth v. DeMichel*, 442 Pa. 553, 277 A.2d 159 (1971).

The new evidence was given by one James Robert Waldo, a fellow inmate of appellant's at the Allegheny County Jail and by one Robert Allen, who testified for the Commonwealth. Mr. Waldo testified that he saw appellant in the jail after he gave his confession and further stated that appellant was in severe pain due to narcotics withdrawal symptoms. However, the witness was unsure as to what day he saw appellant in the jail. He testified as follows: "Q. You saw him— you say you didn't see him when he came in, you saw him in his cell? A. Yes sir. Q. Now, lets get a little specific. When did you see him in his cell, what time? A. Right after chow, about 5:00 o'clock. Q. What? A. About 5:00 o'clock. Q. 5:00 o'clock when, the next day? A. In the evening. I guess it was the same evening that he come in. Like I say, I was working when they brought him in. I met him in his cell. By Mr. Litman: Q. Could this have happened on April 11th? Mr. Medonis: Objection. The Court: We will sustain it. By Mr. Litman: Q. Are you certain of the date? A. No, I'm not certain of the date."

---

[2] See Rule 323 of Pennsylvania Rules of Criminal Procedure.

Mr. Allen's testimony consisted of an answer he gave on cross-examination when defense counsel asked him whether appellant appeared "to be under the influence of drugs?" on the date of the crime. Mr. Allen replied, "Well, I guess so, yes."

We fail to see how this testimony satisfies the quantum of proof necessary to prove the confession was obtained by unconstitutional means. The fact that appellant may have been under the influence of drugs when seen by Mr. Allen does not prove that he was experiencing withdrawal when he confessed. Mr. Waldo's testimony, even if believed, does not establish when withdrawal occurred.

Appellant also argues that the evidence was insufficient to prove his guilt beyond a reasonable doubt. This contention is without merit.

The Commonwealth presented the appellant's confession in which he admitted participation in the murder of Alvin Harris. In addition, Mr. Allen testified that appellant orally admitted to him of his complicity in the death of Harris, when appellant sought a ride out of town from Mr. Allen. Moreover, there was testimony from police scientific experts that implicated appellant in the crime. The evidence introduced by the Commonwealth in this case clearly meets the test laid out in *Commonwealth v. Pitts,* 450 Pa. 359 (1973).

Judgment of sentence affirmed.